GIARAS v. MICHIGAN PUBLIC SERVICE COMMISSION.

1. CARRIERS—REGULATION—BURDEN OF PROOF—REASONABLENESS OF PUBLIC SERVICE COMMISSION ORDERS.

The burden of showing by clear and satisfactory evidence that an order issued by the State public service commission under statute providing for regulation of common and contract motor carriers for hire is unlawful or unreasonable is upon the complaining party (Act No. 254, art. 5, § 20, Pub. Acts 1933, as amended by Act No. 261, Pub. Acts 1939).

2. APPEAL AND ERROR—REGULATION OF MOTOR CARRIERS—PUBLIC SERVICE COMMISSION—FINDING OF FACT.

Courts may not substitute their judgment on questions of fact decided by public service commission in the exercise of its powers under statute providing for regulation of common and contract motor carriers for hire (Act No. 254, art. 5, § 20, Pub. Acts 1933, as amended by Act No. 261, Pub. Acts 1939).

3. SAME—REGULATION OF MOTOR CARRIERS—PUBLIC SERVICE COMMISSION—STATUTES—ABUSE OF DISCRETION.

To declare an order of the public service commission made under the statute regulating common and contract motor carriers for hire unlawful, there must be a showing that the commission failed to follow some mandatory provision of the statute or was guilty of an abuse of discretion in the exercise of its judgment (Act No. 254, art. 5, § 20, Pub. Acts 1933, as amended by Act No. 261, Pub. Acts 1939).

4. SAME—PERMIT TO OPERATE AS COMMON CARRIER BY FREIGHT.

Finding of trial court that applicant for permit to operate as common carrier of freight by truck had not established that order denying him a permit was unreasonable or unlawful in character held, supported by record (Act No. 254, art. 5, § 20, Pub. Acts 1933, as amended by Act No. 261, Pub. Acts 1939).

5. CARRIERS—HEARING ON APPLICATION TO CARRY FREIGHT BY MOTOR VEHICLE—DISCRETION OF COMMISSION—EVIDENCE.

In considering an application to operate as a carrier of freight by motor vehicle for hire, the public service commission should have in mind the immediate and future need of such service

and the admission of evidence at hearing upon such application as to past transactions is a matter that lies within the sound discretion of the commission (Act No. 254, art. 5, § 20, Pub. Acts 1933, as amended by Act No. 261, Pub. Acts 1939).

6. SAME — PUBLIC SERVICE COMMISSION — ABUSE OF DISCRETION — EVIDENCE OF PAST TRANSACTIONS.

Public service commission *held*, not to have abused its discretion in failing to consider evidence as to past transactions by applicant for permit to operate as a carrier of freight by motor vehicle for hire at hearing at which other interested carriers appeared in opposition (Act No. 254, art. 5, § 20, Pub. Acts 1933, as amended by Act No. 261, Pub. Acts 1939).

7. SAME — REGULATION OF MOTOR CARRIERS FOR HIRE — PUBLIC CONVENIENCE AND NECESSITY — FINDINGS OF PUBLIC SERVICE COMMISSION.

The statute regulating operation of common and contract motor carriers for hire authorizes the public service commission to make findings with respect to public convenience and necessity and to issue certificates on that basis (Act No. 254, art. 2, §§ 2, 5, Pub. Acts 1933).

Appeal from Ingham; Carr (Leland W.), J. Submitted January 7, 1942. (Docket No. 34, Calendar No. 41,839.) Decided April 6, 1942.

Bill by John Giaras, doing business as Lake Shore Motor Transit Lines, against Michigan Public Service Commission to restrain interference with operation of trucking service and to compel issuance of an intrastate common carrier permit and for other relief. Interstate Motor Freight System, Inc., and Western Michigan Transportation Company, Michigan corporations, intervened. Bill dismissed. Plaintiff appeals. Appeal dismissed.

*Charles W. Gore,* for plaintiff.

*K. F. Clardy,* for intervening defendant Interstate Motor Freight System, Inc.

SHARPE, J. This is an appeal from a decree of the circuit court of Ingham county, in chancery, which dismissed the plaintiff's bill of complaint and affirmed an order of the Michigan public service commission rendered June 14, 1940, denying plaintiff, doing business as the Lake Shore Motor Transit Lines, the right to operate common carrier motor vehicle freight service between St. Joseph, Benton Harbor and Kalamazoo, Michigan.

Plaintiff, invoking the jurisdiction of the chancery court granted by Act No. 254, art. 5, § 20, Pub. Acts 1933, as amended by Act No. 261, Pub. Acts 1939 (Comp. Laws Supp. 1940, § 11352–55, Stat. Ann. 1941 Cum. Supp. § 22.585), filed a bill of complaint in the circuit court of Ingham county, in chancery, to set aside the order of the commission and order the commission to issue to plaintiff a common carrier intrastate permit in accordance with his application, on the grounds that the order of the commission was illegal and unreasonable.

The bill of complaint alleges that plaintiff has been engaged in the business of a common carrier of freight by trucking between the cities of St. Joseph, Benton Harbor and Kalamazoo since 1917; that from 1917 to 1926, he operated independently of any other business; that during the year of 1926, plaintiff and the Goodrich Transit Company, a steamboat corporation of Benton Harbor, entered into an arrangement whereby plaintiff operated his trucks in carrying freight between Benton Harbor and Kalamazoo; that from 1926 to and including the year 1932, plaintiff, in addition to hauling freight for the Goodrich Transit Company, carried freight generally for the public between these points as a common carrier; that during this latter period he used his own trucks and equipment, and paid all

taxes necessary to such operation, although the permit to carry on such business was in the name of the Goodrich Transit Company; that in 1932 the Goodrich Transit Company went into bankruptcy; that plaintiff did not know the permits were in the name of the Goodrich Transit Company, but was advised by the commission that it would be necessary for him to make an application for a permit; that plaintiff filed such an application and later another application which was denied by the commission on September 14, 1934; that on May 23, 1938, plaintiff filed an original application with the commission for a permit to operate over a specified route; that thereafter the commission recommended that plaintiff be granted a limited common carrier certificate; that plaintiff refused to accept such a certificate and continued his operations until on or about April 12, 1939, when he filed a petition to reopen the cause; that on June 14, 1940, the commission entered an order denying plaintiff's application; and that on September 23, 1938, at the time of a hearing before the commission, the Interstate Motor Freight System intervened and objected to the granting of the application to plaintiff and on December 30, 1938, while plaintiff's application was pending, the commission granted the Interstate Motor Freight System an intrastate permit covering the same territory and routes as applied for by plaintiff.

It appears that at the hearing before the commission on May 14, 1940, the commission limited plaintiff to a showing of convenience and necessity as of the date of his last application; that it did not take into consideration the plaintiff's continuous operation as a common carrier between the points involved since about 1916; and that it denied plain-

tiff the right to show that he was the equitable or actual owner of the Goodrich Transfer Company permit.

Upon appeal to the circuit court of Ingham county, testimony on material points was taken in addition to the proofs offered before the commission. A transcript of this evidence was made and returned to the commission as provided in Act No. 254, art. 5, § 20, Pub. Acts 1933, as amended by Act No. 261, Pub. Acts 1939 (Comp. Laws Supp. 1940, § 11352–55, Stat. Ann. 1941 Cum. Supp. § 22.585). The commission declined to alter its former order and the circuit court affirmed the order of the commission.

Plaintiff appeals and urges that the action of the commission in denying plaintiff a permit was "unreasonable;" that the commission discriminated against plaintiff in awarding a permit to the Interstate Motor Freight System while plaintiff's application was still pending before the commission; that plaintiff was the equitable owner of the permit issued Goodrich Transit Company and as such owner had a vested right to the permit issued to Goodrich Transit Company; and that the commission was in error in its refusal to consider testimony in support of a showing of convenience and necessity as of the time of the original application in 1932 and subsequent years.

The trial court in its opinion stated:

"It is evident that the commission considered the conflicting claims and testimony of the various parties to the cause, finally reaching the conclusion that plaintiff had not made such a showing as justified favorable action on his application. From a consideration of the entire record I am brought to the conclusion that it cannot be affirmatively said that the determination so reached is not supported

by the proofs. The burden of establishing the unreasonable and unlawful character of the order appealed from rests on the plaintiff; and without discussing the details of the testimony I am brought to the conclusion that such burden has not been sustained. On the contrary, the evidence justifies the conclusion that the communities in question are adequately served by carriers other than the plaintiff; and plaintiff's theory that he acquired vested rights by operating under the permit issued to the Goodrich Transit Company, and subsequently under the temporary injunction of the Berrien circuit court, cannot be upheld.''

The statute applicable to the issues involved in this case is Act No. 254, art. 5, § 20, Pub. Acts 1933, as amended by Act No. 261, Pub. Acts 1939, and reads as follows:

''Any party to a cause before the commission under the terms of this act may within 30 days from the issuance of any order therein and notice thereof appeal therefrom by filing an action in the circuit court in chancery for the county of Ingham against the commission as defendant to vacate and set aside any such order. The complaint shall specify the grounds upon which it is claimed that the order or the things granted or ordered to be done are unreasonable or unlawful. Upon the service of a copy of the complaint and a subpoena the commission shall file its answer and the matter be at issue and stand ready for hearing upon 10 days' notice by either party. On leave of the court any interested party may file an answer to said complaint. Any party to such suit may introduce original evidence in addition to the transcript of evidence offered to said commission and the said circuit court in chancery is hereby given jurisdiction of such suits and empowered to affirm, vacate, or set aside the order of the commission in whole or in part and to make such other order and decree as the court shall decide

to be in accordance with the facts and the law.
* * * If, upon the trial of such action, evidence
shall be introduced by the complainant which is
found by the court to be different from that offered
upon the hearing before the commission, or ad-
ditional thereto, the court, before proceeding to
render judgment, unless the parties in such action
stipulate in writing to the contrary, shall transmit a
copy of such evidence to the commission.    *    *    *
The commission may, upon receipt and consider-
ation of such evidence alter, modify, amend or re-
scind its order and shall report its action thereon
to the court within 10 days from the receipt of such
evidence. If the commission shall rescind its order
complained of then the action shall be dismissed;
if it shall alter, modify or amend the same, such
altered, modified, or amended order shall take the
place of the original order complained of and judg-
ment shall be rendered thereon as though made by
the commission in the first instance. If the original
order shall not be rescinded or changed by the com-
mission, judgment shall be rendered upon such
original order. Either party to said action within
60 days after service of a copy of the order or judg-
ment of the court may appeal to the Supreme Court,
which appeal shall be governed by the statutes
governing chancery appeals.    *    *    * In all actions
under this section the burden of proof shall be upon
the complainant to show by clear and satisfactory
evidence that the order of the commission com-
plained of is unlawful or unreasonable, as the case
may be.''

The act provides that the appealing party shall
show by clear and satisfactory evidence that the
order of the commission complained of is unlawful
or unreasonable. It further provides:

''In all actions and proceedings in court arising
under this act, all such process shall be served and
the practice and rules of evidence shall be the same

as in actions in equity, except as otherwise herein provided.''

While the above section of the act prescribes that appeals shall be governed by the statutes governing equity or chancery appeals, yet the burden of establishing that the order of the commission is unlawful or unreasonable remains with the complaining party. It is conceded by plaintiff that courts may not substitute their judgment on questions of fact decided by the commission and hence, we are not called upon to re-examine the rule announced in *Lafayette Transfer & Storage Co.* v. *Michigan Public Utilities Commission,* 287 Mich. 488 (28 P. U. R. [N. S.] 455), in the light of the above amendment.

It is a well-established principle of law that if there is competent evidence presented to the commission in favor of granting such a certificate as well as evidence in opposition thereto, the court will not substitute its opinion and judgment for that of the commission. To declare an order of the commission unlawful there must be a showing that the commission failed to follow some mandatory provision of the statute or was guilty of an abuse of discretion in the exercise of its judgment. In the case at bar the trial court found that plaintiff had not established that the order appealed from was unreasonable or unlawful in character. We think the record supports such a finding.

It is also urged that it was error to hold that plaintiff could not testify to the history of the transaction from the time he operated under the certificate of the Goodrich Transit Company until the date of the hearing on May 14, 1940. The issue before the commission on the date of the hearing was whether or not a certificate of convenience and necessity should be issued to plaintiff for the pur-

pose of carrying freight between Benton Harbor and Kalamazoo. If there was an immediate present need for the additional service proposed or a like need within a reasonable time in the future, the commission should have issued the certificate. In the exercise of its judgment, the commission should have in mind the immediate and future need of such service. The admission of evidence as to past transactions is a matter that lies within the sound discretion of the commission. We are unable to say that the commission abused its discretion in failing to consider such evidence.

Act No. 254, Pub. Acts 1933 (Comp. Laws Supp. 1940, § 11352-1 *et seq.*, Stat. Ann. § 22.531 *et seq.*), provides:

"The commission is hereby vested with power and authority and it is hereby made its duty upon the filing of an application for a certificate of public convenience and necessity to ascertain and determine under such reasonable rules and regulations as it may promulgate, after considering all existing motor vehicle transportation facilities and the demand for or need of additional service, whether there exists a public necessity for such service and whether public convenience will be promoted by granting said application and permitting the operating of motor vehicles on the highways pursuant to such application as a common motor carrier of persons or property." (Act No. 254, art. 2, § 2, Pub. Acts 1933 [Comp. Laws Supp. 1940, § 11352-5, Stat. Ann. § 22.535].)

"The commission shall ascertain and determine whether the character and condition of the vehicles proposed to be operated by the applicant is such that they may be operated upon the public highways without injury or damage to said highways; the commission shall upon complaint of any peace officer, constable, highway official or employee remove

or cause to be removed any disabled or abandoned vehicle found upon the driven part of the highway, and the commission may in its discretion charge the owner of such disabled or abandoned vehicle the cost of such removal. The commission may enlist the assistance of any department of the State government in the removal of such vehicles from the highways. If a particular highway or highways designated in an application for a certificate of public convenience and necessity is or are of such type of construction or in such state of repair, or subject to such use, as to permit the use sought to be made by the applicant, without unreasonable interference with the use made of such highways by the general public for highway purposes; and, if the commission shall determine after hearing that the service rendered by existing motor vehicle transportation facilities or agencies is reasonably adequate, or that public convenience and necessity would not be promoted by the granting of said application and the operating of motor vehicles on the highways therein designated, or that the character and condition of the vehicles proposed to be operated by the applicant is such that they may not be operated upon the public highways without injury or damage to said highways, or that such highway or highways is or are not in such state of repair, or is or are already subject to such use, as would not permit of the use sought to be made by the applicant, without unreasonable interference with the use of such highways by the general public for highway purposes, then in either or any of such events said application shall be denied, and a certificate refused; otherwise, said application may be granted, in whole or in part, and a certificate issued upon such lawful terms and conditions as said commission may impose, and subject to such rules and regulations as it has or may hereafter lawfully prescribe, for the whole or for only the partial exercise of the privilege sought: *Provided,* Certificates of public

convenience and necessity issued to common motor carriers of property under this act shall be of two classes: (a) certificates issued to such carriers as may be operating over fixed routes or between fixed termini; (b) certificates issued to all other common motor carriers of property as defined herein: * * *

"In determining whether or not a certificate should be issued to a common motor carrier, the commission shall also, among other things, give weight and due regard to:

"(a)   The probable permanence and quality of service offered by the applicant;

"(b)   The financial ability and responsibility of the applicant and its organization and personnel;

"(c)   The experience of the applicant in the transportation of property or passengers, and the character of the bond and insurance proposed to be given to insure the protection of the public.

"This enumeration shall in nowise limit, restrict or abridge the duty and power of the commission to consider any and all other matters affecting the safety of the public or of the public highways, or affecting the public convenience and necessity in the maintenance of an adequate motor vehicle transportation system for the use of the general public of the State." (Act No. 254, art. 2, § 5, Pub. Acts 1933 [Comp. Laws Supp. 1940, § 11352-8, Stat. Ann. § 22.538].)

The above sections authorize the commission to make findings with respect to public convenience and necessity and to issue certificates on that basis.

The appeal of plaintiff is dismissed, with costs to defendants.

CHANDLER, C. J., and BOYLES, NORTH, STARR, BUTZEL, and BUSHNELL, JJ., concurred. WIEST, J., did not sit.