STATE BARBERS UNION, LOCAL 55, *v.*
BARBERS UNION, (LOCAL 658), AFL-CIO.

1. LABOR RELATIONS—ORGANIZED PICKETING.
    It is unlawful for members of a union to engage in organizational picketing at an establishment where a question concerning representation cannot be appropriately raised or where there has been a representation election within the previous 12 months (CL 1948, § 423.17a, as amended by PA 1965, No 282).

2. SAME—NATURE OF BARGAINING UNIT—STATUTORY POLICY.
    The concept of the labor mediation act is that no bargaining unit shall be comprised of both supervisory and non-supervisory employees and that the bargaining agent for a unit shall be neither dominated by nor assisted by the employer (CL 1948, § 423.16, as amended by PA 1965, No 282).

3. SAME—NATURE OF BARGAINING UNIT—STATUTORY CONSTRUCTION.
    Statutory language allowing a bargaining unit to be made up of the people in one craft does not mean that both supervisory and non-supervisory people in the same craft can be in the same bargaining unit; to so interpret it would allow the very influence by the employer on the bargaining unit which the statute sought to prevent (CL 1948, § 423.9e, as amended by PA 1965, No 282).

4. SAME—ORGANIZATIONAL PICKETING.
    A representational question arose when an employer who was a member of the same craft as his employees recognized a certain union local as their bargaining agent after an election, and later himself became president of that union local; therefore organizational picketing at his establishment by another union was not illegal.

---

REFERENCES FOR POINTS IN HEADNOTES
[1,4]  31 Am Jur, Labor § 433 *et seq.*
[2,3]  31 Am Jur, Labor § 205.

Appeal from State Labor Mediation Appeal Board. Submitted Division 2 February 7, 1968, at Lansing. (Docket No. 3,866.) Decided August 27, 1968.

Complaint by State Barbers Union, Local 55, against Barbers Union, Local 658, AFL-CIO, for unfair picketing. State Labor Mediation Board trial examiner concluded that the picketing was lawful. Plaintiff appealed to the full labor mediation board. Affirmed. Plaintiff appeals. Affirmed.

*Powell, Peres, Carr & Jacques,* for plaintiff.

*S. James Clarkson,* for defendant.

T. G. KAVANAGH, J. Larry J. Walkowski owned and operated a barbershop in Madison Heights. He employed two barbers. Walkowski petitioned the Labor Mediation Board to determine the bargaining representative for the barbers in the shop. Defendant AFL-CIO local 658 disclaimed any interest in the election, and the election on April 27, 1966, resulted in a unanimous victory for plaintiff State Barbers Union, local 55. On April 29, 1966, the State Barbers Union, local 55, was certified as the exclusive representative of the barbers in Walkowski's shop.

Less than a month after the election, local 658 began picketing the shop. On July 11, 1966 local 55 filed a complaint with the labor mediation board charging AFL-CIO local 658 with engaging in unfair labor practices under Section 17A of the labor mediation act, CL 1948, § 423.17a as amended by PA 1965, No 282 (Stat Ann 1968 Cum Supp § 17.454[18.1]).

Local 658 filed an answer to the complaint, denying that it was trying to organize Walkowski's shop, and asserting that the only purpose of the picketing was informational.

A hearing was held, testimony taken, and the trial examiner concluded that the primary objective of the picketing was to organize the two barbers employed by Walkowski and to force Walkowski to recognize local 658 as bargaining agent, but that such picketing was lawful under the act. Local 55 appealed to the full labor board which affirmed the examiner.

The question presented to us is whether the picketing by local 658 was violative of Section 17A, *supra*, of the act which provides:

"It shall be unlawful for a labor organization or its agents to picket or cause to be picketed, or threaten to picket or cause to be picketed, any employer where the primary object thereof is forcing or requiring an employer to recognize or bargain with a labor organization as the representative of his employees, or forcing or requiring the employees of an employer to accept or select such labor organization as their collective bargaining representative.

(1) Where another labor organization has been certified or has been lawfully recognized in accordance with this act and a question concerning representation may not appropriately be raised under section 27,
or

(2) Where, within the preceding twelve months a valid election under section 27 has been conducted,

unless the picketing labor organization is currently certified or lawfully recognized as the representative of such employees."

The basis for the board's holding is that a question concerning representation can be appropriately

raised under section 27, because Walkowski was both the employer of the 2 men working in his shop, and an officer (president) of local 55, which was certified as the bargaining agent of these men—a situation which the board sees as contrary to the concept under the act that non-supervisory employess shall not be included in any bargaining unit with supervisory employees. Section 27 of the act provides:

"Whenever a petition shall have been filed, in accordance with such regulations as may be prescribed by the board:

(a) By an employee or group of employees, or an individual or labor organization acting in their behalf, alleging that 30% or more of the employees within a unit claimed to be appropriate for such purpose wish to be represented for collective bargaining and that their employer declines to recognize their representative as the representative defined in section 26, or assert that the individual or labor organization, which has been certified or is being currently recognized by their employer as the bargaining representative, is no longer a representative as defined in section 26; or

(b) By an employer or his representative alleging that 1 or more individuals or labor organizations have presented to him a claim to be recognized as the representative defined in section 26;

the board shall investigate the petition and, if it has reasonable cause to believe that a question of representation exists, shall provide an appropriate hearing after due notice. If the board finds upon the record of the hearing that a question of representation exists, it shall direct an election by secret ballot and shall certify the results thereof. Nothing in this section shall be construed to prohibit the waiving of hearings by stipulation for the purpose of a consent election in conformity with the rules and regulations of the board." CL 1948, § 423.27 as amended by PA 1965, No 282 (Stat Ann 1968 Cum Supp § 17.454[29]).

The Michigan labor mediation act states that:

"It shall be unlawful for an employer or any officer or agent of an employer (1) to interfere with, restrain or coerce employees in the exercise of their rights guaranteed in section 8; (2) to initiate, create, dominate, contribute to, or interfere with the formation or administration of, any labor organization." CL 1948, § 423.16 as amended by PA 1965, No 282 (Stat Ann 1968 Cum Supp § 17.454[17]).

The concept of the act, which is closely patterned on the national labor relations act, is that no bargaining unit be comprised of both supervisory and nonsupervisory employees and that the bargaining agent for a unit be neither dominated nor assisted by an employer or an employer's representative.

Plaintiff contends that the specific provision of this section, as well as the general purposes sought to be achieved by the act, cannot be strictly applied to a craftsman who, as the case here, may work in a competitive position with fellow employees while concurrently being the employer. To support this position, he points to the wording of section 9(e) of the act which states:

"The [bargaining] unit shall be either the employees of 1 employer employed in 1 plant or business enterprise within this state, not holding executive or supervisory positions, or a craft unit, or a plant unit, or a subdivision of any of the foregoing units." CL 1948, § 423.9(e) as amended by PA 1965, No 282 (Stat Ann 1968 Cum Supp § 17.454[10.4]).

Plaintiff contends that as the statute specifically allows for a craft to constitute one unit, without including qualifications that it not be comprised of both supervisory and non-supervisory personnel, such a composition is thereby allowed. Though we

recognize that trades of this type are not infrequently in this position, such an interpretation strains the wording of this section and is in opposition to the very concept of the act prohibiting employer interference in bargaining units. It is the intent of national labor relations act and this legislation

"to free the collective bargaining process from all taint of an employer's compulsion, domination or influence. The existence of that interference must be determined by careful scrutiny of all the factors, often subtle, which restrain the employees' choice and for which the employer may fairly be said to be responsible." See *International Association of Machinists, Tool and Die Makers Lodge No. 35, etc., v. National Labor Relations Board* (1940), 311 US 72, 80 (61 S Ct 83, 88, 85 L Ed 50, 56).

No matter how great are the good intentions of an employer in entering a union with his employees, where that same employer then becomes president of the bargaining agent representing those employees, the major objective contemplated by this act is threatened. Anything which may discourage an employee from making his ideas known to fellow workers or from urging his position on them is an inhibition, and if that inhibition can be attributed to the employer's relationship with the union, it is interference. See *Local 636, etc., Plumbing and Pipe Fitting Ind. of U. S. v. NLRB* (1961), 109 App DC 315 (287 F2d 354, 360).

In view of the dual position held by the employer in this case,* the charging party, local 55, though elected and certified, is not protected against all appropriately raised questions regarding the valid-

---

* See *Sweet v. Barbers & Beauticians Union* (1961), 365 Mich 79 for a consideration of the possible arrangements for division of employers and employees into separate bargaining units.

ity of the election or representation. The trial examiner correctly found that, because such a question could be properly raised, the picketing was not within the power of the labor mediation board to prohibit.

As the labor mediation board pointed out in its opinion affirming the trial examiner:

"Even though one might believe it inequitable that local 658 be allowed to picket after its disclaimer, and under the circumstances disclosed by the evidence, the legislature has not vested in the board power to issue a cease and desist order in such circumstances."

Affirmed. No cost, a public question being involved.

QUINN, P. J. and CORKIN, J., concurred.