ED DeVRIES & SONS v EMPLOYMENT
RELATIONS COMMISSION

1. Labor Relations—Bargaining Unit—Appropriate Representative.

A finding of the Employment Relations Commission that two
unions, each desiring to represent a separate unit of employees
in collective bargaining, were inappropriate on the ground that
the appropriate bargaining unit to be represented was the
employees as a whole was supported by competent, material,
and substantial evidence where the record showed that there
was a small number of employees (about 10), their work was
interchangeable, and they had a common relationship with
the employer (Const 1963, art 6, § 28; MCLA 423.28).

2. Labor Relations—Representation Election—Employee Interest.

Ordering a representation election to determine whether all
employees desired to be represented in collective bargaining
by a joint union representative was proper even though the
joint representative had not filed an employee interest peti-
tion nor solicited employee interest prior to the election where
the question of representation had been created when the two
unions which were found separately to be inappropriate rep-
resentatives had filed petitions of employee interest (MCLA
423.27[b]).

3. Labor Relations—Representation Election—Employee Interest.

The Labor Mediation Act does not require that a showing of
employee interest, a prerequisite to ordering an election for

---

References for Points in Headnotes
[1] 48 Am Jur 2d, Labor and Labor Relations § 446.
[2, 3] 48 Am Jur 2d, Labor and Labor Relations §§ 443, 446, 491.
[4] 48 Am Jur 2d, Labor and Labor Relations §§ 439, 446, 491, 531.

collective bargaining representation, relate to a specific organization (MCLA 423.27[b]).

4. LABOR RELATIONS—REPRESENTATION ELECTION—VIOLATION OF STATUTE—ABUSE OF DISCRETION—BURDEN OF PROOF.

Plaintiff employer has not met its burden of proof necessary to show that the Employment Relations Commission violated statutory directives or that it abused its discretion by ordering a collective bargaining representation election to determine whether employees wanted a joint union representative after the commission had found that two unions which had filed employee interest petitions and desired to represent separate units of employees were inappropriate representatives, where the two unions offered themselves as a joint representative and the employees overwhelmingly approved, the plaintiff made no allegation that the employees were unaware of the consequences of the election, and representation as a unit was assured by the plaintiff's right to insist on unit representation by the unions jointly (MCLA 423.28).

Appeal from Employment Relations Commission. Submitted Division 3 December 8, 1971. (Docket Nos. 11431, 11432.) Decided January 21, 1972.

Ed DeVries & Sons appeals from a final order of the Employment Relations Commission ordering an election to determine a bargaining representative.

*Clary, Nantz & Wood,* for plaintiff DeVries.

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, and *Francis W. Edwards,* Assistant Attorney General, for the Employment Relations Commission.

*F. Daniel Bohn,* for Operating Engineers Local 324.

Before: R. B. BURNS, P. J., and FITZGERALD and V. J. BRENNAN, JJ.

R. B. Burns, P. J.   Plaintiff appeals from an order of election issued by the Michigan Employment Relations Commission.[1]

The Labor Mediation Act (LMA)[2] requires, as a prerequisite to a representation election, a petition from the labor organization acting in behalf of a group of employees "alleging that 30% or more of the employees within a unit claimed to be appropriate for such purpose wish to be represented for collective bargaining".   MCLA 423.27(a); MSA 17.454 (29)(a).

In the present case "employee interest" petitions were submitted to the commission for two separate unions, General Teamsters Union, Local 406 and Operating Engineers, Local 324, each desiring to separately represent certain of plaintiff's employees. The employer objected to the principle of two separate unions representing the employees and the necessity of bargaining with two separate unions for such a small group.   To "insure employees the full benefit of their right to self-organization" the commission was required to determine the "appropriate bargaining unit".   MCLA 423.28; MSA 17.454(30).[3] During the course of the hearing both unions offered to represent a single unit jointly.

In finding the two separate labor organizations, the Teamsters and the Operating Engineers "inappropriate" as bargaining representatives, the commission opined:

"In view of the relatively small size of the company [approximately ten employees], the inter-

---

[1] The commission derives its existence and authority from the Labor Mediation Act.   MCLA 423.1 *et seq.;* MSA 17.454(1) *et seq.*
[2] *Id.*
[3] For some judicial thoughts on the "appropriateness" of a given bargaining unit see *Hotel Olds* v *State Labor Mediation Board,* 333 Mich 382 (1952) and *State Barbers Union, Local 55* v *Barbers Union, (Local 658), AFL-CIO,* 13 Mich App 20 (1968).

changeability of work among the employees, the fact that they work together and their common relationship to their employer, the appropriate bargaining unit in this case includes: 'all truck drivers, equipment operators and mechanics.' "

Upon reviewing the entire record we find this decision supported by "competent, material and substantial evidence". Const 1963, art 6, § 28. The commission then determined that both labor unions could serve as the "joint representative for the bargaining unit of 'truck drivers, equipment operators and mechanic' ".[4]

In accordance with this later determination the commission ordered an election within the bargaining unit to resolve the following issue of representation:

"Do you desire to be represented by the General Teamsters Union, Local 406 and Operating Engineers, Local 324 as your exclusive representative for the purposes of collective bargaining?"

The bargaining unit, by a vote of seven to two, elected the unions as their joint representative.

As previously mentioned the labor organization seeking to represent a given bargaining unit must file an appropriate "employee interest" petition prior to a representation election. In the present case the elected "joint representative" did not solicit employee interest as a "joint representative", nor did it file a joint petition.

Plaintiff's employees clearly wished to be represented and a question of representation certainly existed; thus the commission was correct in ordering

---

[4] Two or more unions may legitimately act as a joint bargaining representative. See *National Labor Relations Board v National Truck Rental Co, Inc*, 99 US App DC 259, 262; 239 F2d 422, 425 (1956); *cert den*, 352 US 1016; 77 S Ct 561; 1 L Ed 2d 547 (1957).

an election by secret ballot. MCLA 423.27(b); MSA 17.454(29)(b) provides: "If the board finds upon the record of the hearing that *a question of representation exists,* it shall direct an election". (Emphasis supplied.) The LMA does not specifically require that the "showing of interest"[5] prerequisite relate to a specific labor organization.

Interpreting an almost identical "employee interest" provision of the NLRA[6] the National Labor Relations Board determined in *St Louis Independent Packing Co,* 169 NLRB 1106, 1107; 67 LRRM 1338, 1339 (1968):

"Authorization cards designating only one petitioner are sufficient to establish the interest of joint petitioners and that it is immaterial whether the cards indicate a desire for joint or individual representation. * * * We are persuaded that when 30 percent of the employees in a bargaining unit have indicated a desire to be represented by one or the other or two unions, and the two unions, then offer themselves as joint representatives of the employees, the petitioning unions have demonstrated enough employee interest in their attaining representative status to warrant holding an election." See also *Mid-South Packers, Inc,* 120 NLRB 495, 41 LRRM 1526 (1958).

We agree with the board's analysis. The two labor organizations in this case offered themselves as joint representative of the employees and the employees overwhelmingly approved. Any likelihood

---

[5] The purpose of the "showing of interest" requirement under the nearly identical National Labor Relations Act, § 9(c), (1) 61 Stat 144 (1947); 29 USCA 159(c)(1) has been stated as:

"To determine whether or not further proceedings are warranted, and to avoid needless dissipation of the Government's time, effort, and funds." *New Hotel Monteleone,* 127 NLRB 1092, 1095–1096 (dissent); 46 LRRM 1154, 1155 (dissent) (1960). See also *O D Jennings & Co,* 68 NLRB 516, 518; 18 LRRM 1133 (1946).

[6] National Labor Relations Act. See fn 5.

of confusion arising from the plaintiff's employees being confronted on election day by a representative different from the one they were originally interested in was miniscule. Plaintiff does not allege that its employees were unaware of the consequences of their votes.

Plaintiff's allegation that the two labor organizations would maintain their separate identities and that it would have to bargain with each separately is without merit.

Both unions have indicated they are willing and able to represent the employees in the appropriate unit jointly and indeed plaintiff can insist they do so.[7]  Plaintiff should consider his employees represented by one unit. As pointed out by the commission if the joint representatives wish to successfully represent the unit they had better "meet the needs of a majority of the employees".

Plaintiff has not met the burden of proof necessary to show that the commission has violated statutory directives or abused its discretion in ordering the representation election. See *Giaras* v *Michigan Public Service Commission*, 301 Mich 262 (1942).

Affirmed.

V. J. Brennan, J., concurred.

Fitzgerald, J. (*concurring in result*). As stated in the majority opinion, plaintiff does not allege that its employees were unaware of the consequences of their vote. What is striking is that the election results of the April 15, 1971, balloting were seven "yes" votes and two "no" votes for a total of nine votes. The consequences of such a vote in a huge and complex organization with, perhaps, hun-

---

[7] See *The Stickless Corp*, 115 NLRB 979; 37 LRRM 1466 (1956).

dreds of votes, is not considered, and the inherent problems in such a situation are readily apparent.

I do not wish to condone the failure to file a joint petition in order to comply with § 27 of the Labor Mediation Act in every case which may come before us.

I therefore concur in the result of this case only.