HOTEL OLDS *v.* STATE LABOR MEDIATION BOARD.

1. LABOR—BARGAINING UNITS.

Bargaining units of employees in labor disputes should be the largest unit which, in the circumstances of the particular case, is most compatible with the effectuation of the purposes of labor disputes mediation act and should include all common interests in a single unit (CL 1948, § 423.9e).

2. SAME—BARGAINING UNITS—MEDIATION OF DISPUTE—PAST PRACTICE.

Use of bargaining unit of labor union, which had been agreed upon by the employer as the appropriate unit for purpose of collective bargaining and on which basis a recognition election was had and recognition proposition carried and which basis was also used at a strike election held under the supervision of the State labor mediation board, constituted a "past practice" which the labor disputes mediation act required the labor mediation board to use as the bargaining unit, where no reason was shown for altering the basis and excluding portions of the membership thereof from voting at subsequent elections (CL 1948, § 423.9e).

REFERENCES FOR POINTS IN HEADNOTES

[1, 2] Generally as to combinations of employees and collective bargaining, see 31 Am Jur, Labor § 30 *et seq.*

[1, 2] Rights of collective action by employees as declared in section 7 of National Labor Relations Act (29 USC, § 157). 6 ALR2d 416.

[3] 14 Am Jur, Costs § 91.

3. COSTS—PUBLIC QUESTION—CONSTRUCTION OF LABOR DISPUTES MEDIATION ACT.

No costs are allowed in suit wherein construction of statute relating to mediation of labor disputes was involved, a public question being presented (CL 1948, § 423.9e).

Appeal from State Labor Mediation Board. Submitted January 18, 1952. (Docket No. 85, Calendar No. 45,285.) Decided May 16, 1952.

Local 634 of Hotel and Restaurant Employees' and Bartenders' International Union, A. F. of L., notified State Labor Mediation Board of dispute and requested strike election. The board decided it was an appropriate bargaining unit. Hotel Olds, plaintiff, a Michigan corporation, reviews order by appeal in nature of mandamus. Reversed.

*Foster, Cummins, Snyder & Foster* and *James R. B. Hovey,* for plaintiff.

*Frank G. Millard,* Attorney General, *Edmund E. Shepherd,* Solicitor General, and *Daniel J. O'Hara,* Assistant Attorney General, for defendant.

*Amicus Curiae: Anthony F. Bielawski.*

REID, J. Plaintiff, on leave granted, appeals from an order of defendant board determining that Local 634 of Hotel & Restaurant Employees' & Bartenders' International Union, A. F. of L. (hereinafter spoken of as the union) is the appropriate bargaining unit for employees of plaintiff, and ordering a strike vote among said employees on the issue of representation.

The Hotel Olds is a metropolitan type hotel with several dining rooms on 3 floors, a bar, its own furniture repair and upholstery department, its own laundry, its own barbershop and its own print shop.

The total number of nonsupervisory employees is between 210 and 220, of whom about 200 are nonclerical. The union is an international union which includes hotel employees in its membership and which charters a large number of different types of local unions. There have been 2, successive local charters issued by the union, local 448 and local 634. The constitution shows that there is no local autonomy.

Early in 1950, the union requested recognition of local 448 as the bargaining representative for the employees of the Hotel Olds, and on May 8th, notified the defendant board of a dispute. Pursuant thereto, election proceedings on the question of representation were instituted by means of an agreement between plaintiff and local 448 for a consent election, which agreement contained the following:

"The following constitutes the unit appropriate for the purpose of collective bargaining: The name of the unit is as follows: All regularly employed employees excepting those in management, supervisory, executive, front office, telephone operators and auditing department."

181 employees were agreed upon as eligible to vote under the above-quoted descriptive words. On this basis the recognition election was held May 17, 1950, under the supervision of the defendant board. The recognition proposition carried. Thereafter and on the same basis for qualifying employees as voters, with a list of 188 employees agreed on as eligible to vote under the above quoted descriptive words, a requested strike election was called for and held under the supervision of defendant board, on August 17, 1950, at which the strike proposition was defeated. The union protested the election on the ground that the persons who voted differed from

the agreed list; but afterwards withdrew its protest and the board closed the case September 7, 1950.

A new local was formed some time before September 8, 1950, on which date the union demanded recognition of the new local, 634, and on September 26, 1950, notified defendant board of a dispute and requested a strike election. The new local changed materially the bargaining unit to contain only a portion of the classifications of employees which were in the previously agreed bargaining unit. The new local claimed representation as sole bargaining agent for the employees. The defendant has decided to use the reduced unit as the bargaining unit. Plaintiff protested as improper and illegal the change from the basis for membership as in the previously established bargaining unit, local 448, and further objected that a strike vote should not again be had within a year. On April 9, 1951, the defendant closed the case without action.

On July 30, 1951, local 634 renewed its claim for representation as a bargaining unit though consisting of a portion only of the employees previously agreed to by plaintiff. The union notified the defendant board of a dispute.

A hearing was held September 13, 1951, and the defendant board on September 21, 1951, ordered the conducting of a strike election vote in the new bargaining unit, local 634, requested by the union, from which decision the instant appeal was taken.

Important and practically controlling are questions of construction to be given to section 9e of PA 1939, No 176, as added, being CL 1948, § 423.9e (Stat Ann 1950 Rev § 17.454 [10.4]), which paragraph is as follows:

"The board, after consultation with the parties, shall determine such a bargaining unit as will best secure to the employees their right of collective bargaining. The unit shall be either the employees of 1

employer employed in 1 plant or business enterprise within this State, not holding executive or supervisory positions, or a craft unit, or a plant unit, or a subdivision of any of the foregoing units: Provided, however, That if the group of employees involved in the dispute has been recognized by the employer or identified by certification, contract or past practice, as a unit for collective bargaining, the board shall adopt such unit."

Plaintiff claims that, within the meaning of the proviso of the statute, the holding of 2 elections under the agreed on designation of classes of employees as eligible to vote, constituted "past practice," recognizing as proper the membership basis in local 448, and that the employer "recognized" the unit within the meaning of the proviso by certifying in writing, "The following constitutes the unit appropriate for the purpose of collective bargaining," the same being part of the agreement for recognition election of local 448. Plaintiff further claims that defendant board by its certificate of the results of the recognition election of May 17, 1950, identified (within the meaning of the proviso) local 448 as "Hotel Employees Union, Local 448, A F L;" and that defendant similarly identified local 448, in its certification of the results of the strike election of August 17, 1950; and that the agreement of May, 1950, approved by the defendant board, is a "contract" identifying local 448 as the bargaining unit.

Each of the above-specified claims of the plaintiff as to construction to be given the proviso of the statute in question, is denied by the defendant in its opinion and contended against in its brief.

The testimony of the president and manager of plaintiff company clearly showed that the employees included in local 448 but excluded in local 634, are intimately related to and interested in the general

operation and any possible threatened cessation of operations of the hotel.

We note the decision of the Massachusetts Labor Relations Commission, *In re Salem Hotel Corporation d/b/a the Hawthorne Hotel and the Hotel and Restaurant Workers, Local 290, A F L,* 19 LRRM 1245, decided November 20, 1946:

"In designating bargaining units as appropriate, a primary objective of the commission is to constitute the largest unit which, in the circumstances of the particular case is most compatible with the effectuation of the purposes of the law and to include in a single unit all common interests."

The quoted statement in the *Hawthorne Case* is, so far as applicable to the instant case, in keeping with the directions of the cited proviso of the statute.

The defendant seems to disregard the general principle set forth in the *Hawthorne Case,* as hereinbefore cited, which general principle subject to the provisions of the statute, should be observed by defendant board.

Defendant accentuates the case of *Hotel Utah Co. v. Industrial Commission,* 116 Utah 225 (209 P2d 235). However, the Utah statute, as cited in the opinion in that case, does not contain any such provision as is in the proviso in section 9e of the Michigan statute, hereinbefore cited.

The opinion of defendant board fails to disclose any reason whatever for excluding from the new local, 634, those who are thus excluded but formerly were in local 448. We are not by this opinion determining that the rules for membership, once established, must forever remain the same, without any showing as to what would best secure to the employees their right of collective bargaining, nor do we determine what the future happening must be that should change the rules as to membership.

Defendant board was in error in ruling that the holding of 2 elections under the agreed on. designation of classes of employees as eligible to vote did not constitute past practice within the meaning of the proviso in section 9e.

We further consider that the defendant board identified by certifications the former local 448 and thereby recognized the appropriate basis for membership in the bargaining unit by reason of the certifications of the results of the recognition election of May 17, 1950 and the strike election of August 17, 1950. Under the statute and the facts in the case at bar, it was the duty of defendant board to recognize as the bargaining unit, the group of employees as established by the agreement and certificate in the election of May 17, 1950.

The defendant's decision and order of September 21, 1951 is set aside and the board is perpetually enjoined from conducting the strike election provided for in its decision and order of September 21, 1951. No costs, a public question being involved.

NORTH, C. J., and DETHMERS, BUTZEL, CARR, BUSH-NELL, SHARPE, and BOYLES, JJ., concurred.