46 Mich. App. 534 (1973)
208 N.W.2d 641
EASTERN MICHIGAN UNIVERSITY REGENTS
v.
EASTERN MICHIGAN UNIVERSITY PROFESSORS
Docket Nos. 13703, 13704.
Michigan Court of Appeals.
Decided April 25, 1973.
*535 Sharples, Klein & Gale, for petitioner Eastern Michigan University Chapter, American Association of University Professors.
Craig, Fieger & Golden, for petitioner Eastern Michigan University Federation of Teachers.
Dykema, Gossett, Spencer, Goodnow & Trigg (by James D. Tracy and Ronald J. Santo), for respondent Regents of Eastern Michigan University.
Levin, Levin, Garvett & Dill (by Harvey I. Wax), for intervenor Eastern Michigan University Faculty Association.
Frank J. Kelley, Attorney General, Robert A. Derengoski, Solicitor General, and Francis W. Edwards, Assistant Attorney General, for Michigan Employment Relations Commission.
Before: FITZGERALD, P.J., and V.J. BRENNAN and O'HARA,[*] JJ.
Application for leave to appeal dismissed on stipulation.
O'HARA, J.
This is an appeal by the Board of Regents of Eastern Michigan University from the determination of the Michigan Employment Relations Commission which defined the categories to be included in a bargaining unit made up of certain employees of the University.
The order of the Commission (corrected nunc pro tunc because of a typographical omission) reads as follows:
*536 "Accordingly, the bargaining unit in which an election is to be held should be described as follows:
"`All teaching faculty employed by Eastern Michigan University, including professors, associate professors, assistant professors, instructors, and librarians with faculty rank, lecturers who are employed six hours or more for two or more consecutive semesters, academic advisors, counselors, and residence hall head advisors; but EXCLUDING deans, directors, department heads and other supervisory employees, career Army personnel in the Department of Military Science, and all other employees.'"
The issue before us is fundamental and clear cut. We phrase it thus:
Was it error for the Commission to include in the bargaining unit lecturers who are employed six hours or more for two or more consecutive semesters, academic advisors, counselors and residence hall head advisors in a unit composed otherwise of all teaching faculty and librarians with faculty rank as above designated?
The objective to be attained is to constitute the largest possible unit consistent with a community of interest of the membership.
We hold the Commission was in error as a matter of law to include lecturers who are employed six hours or more for two consecutive semesters, academic advisors, counselors, and residence hall head advisors in the unit.
Indeed it would seem that the Commission made mutually exclusive findings. It explicitly agreed "with all the findings of fact made by the Trial Examiner" and yet came to a conclusion of law completely irreconcilable with those findings. We quote further the examiner's findings that counselors and advisors had "duties * * * more dissimilar than similar to the duties and working conditions of the teaching faculty" and that their duties *537 and those of residence hall advisors were "clearly auxiliary to actual classroom teaching and these employees do not share to the same extent the policymaking type of functions accorded to the teaching faculty".
Were we to permit the conclusion of law of the Commission to stand vis-a-vis its own holding in City of Warren, 1966 MERC Lab Op 25, no trial examiner, labor representative, Board of Regents or advising members of the Bar could possibly come to any sustainable conclusion. The "synergistic efforts aimed at the education of university students" relied on by the Commission to justify the inclusion of the disputed categories in the bargaining unit seems to us much too general to support the requirement of community of interest for bargaining purposes.
We quote with approval the holding of the Sixth Circuit Court of Appeals in construing a similar Federal statute:
"The touchstone of an appropriate bargaining unit is the finding that all of its members have a common interest in the terms and conditions of employment, to warrant their inclusion in a single unit to choose a bargaining agent." Uyeda v Brooks, 365 F2d 326, 329 (CA 6, 1966).
To have accepted the trial examiner's findings of fact and come to a completely contrary conclusion of law does not accord with established precedent in this field of law.
As hereinbefore noted we reverse for the error of law and remand the cause to the Commission with instructions to modify its findings to conform with the definition of the bargaining unit made by the trial examiner. No costs, a public question.
All concurred.
NOTES
[*] Former Supreme Court Justice, sitting on the Court of Appeals by assignment pursuant to Const 1963, art 6, § 23 as amended in 1968.