LOCAL 547, INTERNATIONAL UNION OF OPERATING
ENGINEERS, AFL-CIO v HENRY FORD HOSPITAL

1. APPEAL AND ERROR—ADMINISTRATIVE LAW—EMPLOYMENT RELA-
   TIONS COMMISSION—EVIDENCE—RECORD.

   Appellate review of a decision of the Employment Relations
   Commission must be confined to examination of the record to
   ascertain whether the decision is supported by competent,
   material, and substantial evidence, and that it is not in viola-
   tion of constitution or statute, and the Court will substitute its
   judgment for that of the commission only upon a clear showing
   of error.

2. LABOR RELATIONS—EMPLOYMENT RELATIONS COMMISSION—BAR-
   GAINING UNITS—COLLECTIVE BARGAINING—SINGLE UNIT—COM-
   MON INTEREST—STATUTES.

   The Employment Relations Commission is mandated by statute to
   determine what bargaining units under a single employer will
   best secure to groups of employees their right of collective
   bargaining, and in designating those units the commission is to
   constitute the largest unit which under the circumstances is
   most compatible with the purposes of the law and which
   includes in a single unit all common interests (MCLA 423.9[e]).

Appeal from Michigan Employment Relations
Commission. Submitted Division 1 February 10,
1975, at Detroit. (Docket Nos. 19252, 19253.) De-
cided March 13, 1975.

Separate petitions by Local 547, International
Union of Operating Engineers, AFL-CIO, seeking a
certification election of a bargaining unit to repre-
sent maintenance employees of Henry Ford Hospi-

REFERENCES FOR POINTS IN HEADNOTES
[1] 48 Am Jur 2d, Labor and Labor Relations § 369 *et seq.*
[2] 48 Am Jur 2d, Labor and Labor Relations § 447.
Combination of separate plants or units of same employer as single
bargaining unit. 12 ALR3d 787.

tal, and Local 1199M, National Union of Hospital and Nursing Home Employees, seeking a certification election of a bargaining unit for all nontechnical and nonprofessional employees of Henry Ford Hospital. Motions for intervention granted Council 77, American Federation of State, County and Municipal Employees, AFL-CIO, and Local 79, Service Employees International Union, AFL-CIO. From a decision and order in favor of Local 1199M, Local 547 sought leave to appeal. Leave granted on rehearing following an initial denial. Affirmed.

*Leonard Meldman,* for plaintiff Local 547, International Union of Operating Engineers, AFL-CIO.

*Lafferty, Reosti, Jabara, Papakhian & James* (by *Ronald Reosti* and *Ellis Boal),* for plaintiff National Union of Hospital & Nursing Home Employees, Local 1199M.

*Keller, Thoma, McManus, Toppin & Schwarze, P. C.* (by *Stewart J. Katz),* for defendant Henry Ford Hospital.

*Zwerdling, Maurer, Diggs & Papp,* for Council 77, American Federation of State, County and Municipal Employees, AFL-CIO.

*Lee R. Franklin,* for Local 79, Service Employees International Union, AFL-CIO.

Before: D. E. HOLBROOK, P. J., and DANHOF and N. J. KAUFMAN, JJ.

PER CURIAM. This is an appeal from a decision and order of the Michigan Employment Relations Commission (MERC) determining that the mainte-

nance employees of the defendant Henry Ford Hospital should be represented by a hospital-wide bargaining unit, and not by the plaintiff Local 547, International Union of Operating Engineers, AFL-CIO. Leave to appeal was granted on May 3, 1974 on rehearing following an initial denial of the application on March 18, 1974.

A petition was filed by Local 1199M, National Union of Hospital and Nursing Home Employees, with the Michigan Employment Relations Commission seeking a certification election of a bargaining unit to consist of the nonprofessional and nontechnical employees of Henry Ford Hospital. Another petition was filed by Local 547, International Union of Operating Engineers, AFL-CIO seeking a certification election of a bargaining unit to be made up of the maintenance employees of the hospital. Motions for intervention were granted in favor of two other unions, Council 77, American Federation of State, County and Municipal Employees, AFL-CIO, and Local 79, Service Employees International Union, AFL-CIO.

Formal hearings were held before a MERC administrative law judge in May and June, 1973. He concluded that the proper bargaining unit for all the employees would be the basic hospital-wide unit originally sought by the Local 1199M petition, and he specifically found that it should include the maintenance employees which Local 547 sought to represent. An appeal was taken to the full Michigan Employment Relations Commission which affirmed, with one member dissenting, the decision and order of the administrative law judge. The MERC opinion indicated that Local 547's proposed multi-craft bargaining unit would include 150 employees at widely disparate skill levels within the various building trades. The opinion reflects the finding that in order to keep these persons at full

employment, and consistent with the nature of the hospital's function and its internal organizational structure, maintenance workers are used interchangeably when necessary without rigid adherence to traditional trade classifications. Some of the maintenance employees are licensed and certified and some have achieved journeyman status; however, the commission determined that these qualifications were generally not essential to employment in the maintenance department, and when they were, these qualifications were met by supervisory personnel. The commission concluded that the maintenance employees should not be formed into a separate bargaining unit. Accordingly, the petition of Local 547 was dismissed, and this appeal was taken.

The plaintiff Local 547 raises essentially a single issue on appeal. Must the decision of MERC that the maintenance employees of Henry Ford Hospital did not constitute an appropriate separate bargaining unit, but rather should be included in the larger hospital-wide collective bargaining unit, be set aside as erroneous under the applicable principles of law? We conclude that it should not, and we affirm.

The proper scope of review of an opinion and order of the MERC is discussed in *Regents of the University of Michigan v Employment Relations Commission,* 389 Mich 96; 204 NW2d 218 (1973). Justice SWAINSON, writing for a unanimous Court observed that appellate review of commission decisions is governed by the provisions of Const 1963, art 6, § 28, and by MCLA 24.306; MSA 3.560(206), a section of the administrative procedures act. Thus, this Court must confine its examination of the record to ascertaining whether or not the decision is supported by competent, material and substantial evidence, and that it is not in violation

of the Constitution or a statute. When examining the decision arrived at by MERC in cases such as that presently before the Court, further guidance can be found in the recent admonition of our Supreme Court in *Hospital Employees' Division of Local 79, Service Employees' International Union, AFL-CIO v Flint Osteopathic Hospital,* 390 Mich 635, 638; 212 NW2d 897 (1973):

"The appellate courts of this state will hesitate to substitute a judicial judgment of the appropriate unit for MERC's determination, and will do so reluctantly and only upon a clear showing of error."

MERC is mandated by statute to determine, after consulting with the parties, such bargaining units as will best secure to the employees their right of collective bargaining; in so doing, numerous organizational alternatives are made available to the commission. MCLA 423.9(e); MSA 17.454(10.4). MERC is provided with sufficient discretionary authority to utilize its expertise in selecting appropriate bargaining units to effectuate the broad policies of the law, as well as to insure employee collective bargaining rights. MCLA 423.28; MSA 17.454(30). The Supreme Court in *Hotel Olds v State Labor Mediation Board,* 333 Mich 382, 387; 53 NW2d 302 (1952), construed the bargaining unit determination statute, and directed that the following general principle be observed:

" 'In designating bargaining units as appropriate, a primary objective of the commission is to constitute the largest unit which, in the circumstances of the particular case is most compatible with the effectuation of the purposes of the law and to include in a single unit all common interests.' "

MERC has done precisely that in the present case.

In a comprehensive opinion, MERC considered plaintiff Local 547's petition to create a multi-craft bargaining unit consisting of the maintenance employees which purportedly would best secure their collective bargaining rights. The commission took cognizance of the unique nature of the private nonprofit hospital, and concluded that "there is insufficient basis for creating a separate union", and that the members of the proposed unit shared "the overall community of interest with the larger unit". As previously mentioned, the facts established at the hearing before the administrative law judge demonstrated the heterogeneous job categories and the vastly differing levels of skill of the maintenance employees, as well as the interchangeability of the work assignments they performed in the hospital. In view of these facts, the conclusion of the commission is inescapable, and clearly supported by competent, material, and substantial evidence on the whole record. Consequently, we affirm the MERC decision.

Our disposition of this issue makes it unnecessary for us to consider the issue raised for the first time on appeal by MERC and the defendant hospital.

Affirmed. Costs to defendant Henry Ford Hospital.