FRATERNAL ORDER OF POLICE v MICHIGAN STATE
UNIVERSITY

1. LABOR RELATIONS—EMPLOYMENT RELATIONS COMMISSION—BAR-
   GAINING UNITS—DISCRETION—STATUTES.

   The Employment Relations Commission has broad discretionary
   authority to determine what constitutes an appropriate bar-
   gaining unit; a primary objective of the commission in designat-
   ing bargaining units is to constitute the largest unit which, in
   the circumstances of the particular case, is most compatible
   with the effectuation of the purposes of the law and to include
   in a single unit all common interests (MCLA 423.28).

2. APPEAL AND ERROR—LABOR RELATIONS—BARGAINING UNITS—EM-
   PLOYMENT RELATIONS COMMISSION—STANDARD OF REVIEW—DE-
   TERMINATION.

   The appellate courts hesitate to substitute a judicial determina-
   tion of the appropriate bargaining unit for the Employment
   Relations Commission's determination, and will do so reluc-
   tantly and only upon a clear showing of error; the standard of
   review is whether the commission's decision is supported by
   competent, material and substantial evidence (Const 1963, art
   6, § 28).

3. LABOR RELATIONS—BARGAINING UNITS—SEVERANCE OF BARGAINING
   UNIT—APPROPRIATENESS—EMPLOYMENT RELATIONS COMMISSION.

   A determination by the Employment Relations Commission that
   it would not be appropriate to sever public safety supervisors
   from an existing bargaining unit of non-academic supervisory
   and administrative employees of a state university was proper
   where the existing unit included approximately 750 persons,
   the proposed unit would include about 7 persons, there was a
   community of interest among all divisions of supervisory per-
   sonnel, the community of interest of the proposed unit was not
   unique and distinct, and the existing unit had a bargaining
   history of several years.

REFERENCE FOR POINTS IN HEADNOTES
[1–3] 48 Am Jur 2d, Labor and Labor Relations § 446 *et seq.*

Appeal from Employment Relations Commission. Submitted Division 2 May 13, 1975, at Lansing. (Docket No. 22088.) Decided May 30, 1975.

Petition by Fraternal Order of Police, Capitol City Lodge No. 141, plaintiff, against Michigan State University, Department of Public Safety, before the Employment Relations Commission for an election to determine a collective bargaining representative. Michigan State University Administrative Professional Association intervened as a defendant. Plaintiff appeals from a dismissal of its petition. Affirmed.

*Hankins & Regnier,* for plaintiff.

*Anderson, Carr, Street & Hornbach,* for defendant.

*Foster, Lindemer, Swift & Collins, P. C.* (by *James A. White)* for intervenor.

Before: QUINN, P. J., and BRONSON and N. J. KAUFMAN, JJ.

QUINN, P. J. On leave granted, plaintiff appeals from the decision and order of the Michigan Employment Relations Commission (hereinafter MERC) which affirmed an administrative law judge's dismissal of plaintiff's petition for an election in order to determine the collective bargaining representative for the Michigan State University Department of Public Safety, Supervisory Division. As amended, the petition included only those employees who attained the rank of lieutenant and captain, presently represented by the intervening defendant which represents all non-

academic supervisory and administrative personnel employed by Michigan State University.

On the record of this case, MERC found "that it would not be appropriate to sever the public safety supervisors from the existing unit of supervisory employees and thereby create a separate supervisory unit". This finding was based on the following facts and findings:

1. Intervenor's unit includes approximately 750 employees. Plaintiff's proposed unit would include about 7 persons.

2. There was a community of interest among all units of supervisory personnel, and the community of interest of the proposed unit as police personnel was not unique and distinct.

3. A bargaining history for the intervenor, which included the proposed unit, had existed for several years.

The statute, MCLA 423.28; MSA 17.454(30) vests MERC with broad discretionary authority in its determination of what constitutes an appropriate bargaining unit. The Supreme Court said in *Hotel Olds v State Labor Mediation Board,* 333 Mich 382, 387; 53 NW2d 302 (1952):

"In designating bargaining units as appropriate, a primary objective of the commission is to constitute the largest unit which, in the circumstances of the particular case, is most compatible with the effectuation of the purposes of the law and to include in a single unit all common interests."

In *Hospital Employees' Division of Local 79, Service Employees' International Union, AFL-CIO v Flint Osteopathic Hospital,* 390 Mich 635, 638; 212 NW2d 897 (1973), the Supreme Court said:

"The appellate courts of this state will hesitate to

substitute a judicial judgment of the appropriate unit for MERC's determination, and will do so reluctantly and only upon a clear showing of error."

Our standard of review is set forth in Const 1963, art 6, § 28. The decision of MERC is supported by competent, material and substantial evidence and there is no showing of error.

Affirmed but without costs, a public question being involved.