LANSING SCHOOL DISTRICT v MICHIGAN EMPLOYMENT
RELATIONS COMMISSION

Docket No. 78-4194. Submitted June 20, 1979, at Detroit.—Decided
December 6, 1979.

Michigan Council 11, American Federation of State, County and
Municipal Employees, AFL-CIO, filed a petition with the Michi-
gan Employment Relations Commission which sought to have
the custodial-maintenance-supply employees and the cafeteria
employees employed by the Lansing School District merged into
a single bargaining unit. While both the custodial-maintenance-
supply employees and the cafeteria employees were represented
by the union, they were in two separate bargaining units. The
Employment Relations Commission, relying primarily upon the
Commission's prior determination that a bargaining unit com-
posed of all noninstructional employees of a school district is
presumptively appropriate, determined that the combined unit
would be more appropriate for purposes of collective bargain-
ing. The Commission ordered the bargaining units to be com-
bined if a majority of the members of each bargaining unit
voted in favor of merger at elections ordered by the Commis-
sion. The school district seeks review of that order. Held:

1. While the findings of fact by the Employment Relations
Commission will be upheld by the Court of Appeals if supported
by competent, material and substantial evidence and the Court
of Appeals will not substitute its judgment on factual questions
for that of the Commission, the Commission's determination
that the combined bargaining unit was more appropriate than
the separate bargaining units was not supported by adequate
findings. The Commission cited few facts supporting the ratio-
nale for a combined bargaining unit. The Commission, rather,
primarily rested its determination upon the previously estab-
lished Commission determination that a bargaining unit com-
prising all noninstructional employees in a school district is

REFERENCES FOR POINTS IN HEADNOTES
[1] 2 Am Jur 2d, Administrative Law § 456.
[2, 3] 48A Am Jur 2d, Labor and Labor Relations §§ 1766, 1767.
Bargainable issues in state public employment labor relations. 84
ALR3d § 242.

presumptively appropriate. Under these circumstances, the Commission's determination that the merged unit was more appropriate was not supported by the necessary competent, material and substantial evidence.

2. While the Commission may order an advisory election among the employees affected by a proposed merger of separate bargaining units into a single bargaining unit, such an election may be ordered only if the Commission has first determined that both the combined bargaining unit and the separate bargaining units are appropriate bargaining units.

Reversed and remanded.

1. ADMINISTRATIVE LAW — APPEAL AND ERROR — FACT QUESTIONS.

Findings of fact made by the Employment Relations Commission are to be upheld if supported by competent, material and substantial evidence; the Court of Appeals should not substitute its judgment for that of the Commission when dealing with a factual question.

2. LABOR RELATIONS — APPROPRIATE BARGAINING UNIT — MERGED BARGAINING UNIT — FACTUAL BASIS.

The Employment Relations Commission's determination that a merged bargaining unit, made up of two separate bargaining units representing a school system's custodial, maintenance and supply employees and the school system's cafeteria employees, was more appropriate than the separate bargaining units is not supported by competent, material and substantial evidence where there is little commonality of interests between the separate bargaining units and the Commission's determination seems primarily to be based upon policies established in the Commission's determinations in prior cases rather than findings to support its conclusion.

3. LABOR RELATIONS — MERGED BARGAINING UNIT — ADVISORY ELECTION — APPROPRIATE BARGAINING UNIT.

The Employment Relations Commission may order an advisory election among the employees affected by a proposed merger of separate bargaining units into a single bargaining unit, if, and only if, the Commission has first determined that both the merged bargaining unit and the separate bargaining units were appropriate bargaining units.

*Miller, Johnson, Snell & Cummiskey* (by *Peter A. Patterson* and *Michael A. Snapper*), for the Lansing School District.

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, and *Jon M. DeHorn,* Assistant Attorney General, for the Michigan Employment Relations Commission.

*Klimist, McKnight & Sale, P.C.,* for Council 11, American Federation of State, County and Municipal Employees, AFL-CIO.

Before: BASHARA, P.J., and D. E. HOLBROOK, JR. and J. C. DANER,* JJ.

BASHARA, P.J. The Lansing School District seeks review of an order of the Michigan Employment Relations Commission (MERC). The order resulted from a decision and a decision upon reconsideration and required that an election be held among the school district's custodial-maintenance-supply employees and its cafeteria employees. The purpose of the election was to determine whether the employees preferred to be a single bargaining unit or to remain as two separate bargaining units of the American Federation of State, County and Municipal Employees (AFSCME).

The custodial employees have been represented as a separate bargaining unit by AFSCME since 1965. The cafeteria employees have been similarly represented as a separate bargaining unit since 1967. In March of 1977, AFSCME filed with MERC a petition for election, asking that the Commission merge the two units into one. The petition prayed that the matter be treated as a "petition for clarification or as a representation petition, whichever is appropriate".

The Commission issued its decision in April of 1978, finding that a combined unit would be more appropriate for purposes of collective bargaining.

---

* Circuit judge, sitting on the Court of Appeals by assignment.

However, it then determined that the best method for decision was to conduct a separate election among the two bargaining units. If a majority in each unit voted to merge, they would be combined. If there was not a majority in favor of merger in both units, then they would remain separately represented by AFSCME.

The school district first questions the form of the Commission's decision. It contends that the determination did not adequately state findings of fact and was not supported by competent, material and substantial evidence on the whole record.

The Commission's decision must comport with the requirements of MCL 24.285; MSA 3.560(185):

"A final decision * * * shall include findings of fact and conclusions of law. * * * Findings of fact, if set forth in statutory language, shall be accompanied by a concise and explicit statement of the underlying facts supporting them. * * * Each conclusion of law shall be supported by authority or reasoned opinion."

MCL 24.306(1)(c); MSA 3.560(206)(1)(c) further provides:

"[T]he court shall hold unlawful and set aside a decision or order of an agency if substantial rights of the petitioner have been prejudiced because the decision or order is * * * [m]ade upon unlawful procedure resulting in material prejudice to a party."

A review of the Commission's decision reveals adequate documentation for the proposition that continuance of two separate units would be appropriate. The Commission's only finding regarding a merged unit is as follows:

"After a careful review of the nature of the jobs

involved, the comparative benefits and Employer's administrative hierarchy, the Commission is of the opinion, as in previous determinations of appropriateness of school units of nonteaching employees, that the more appropriate bargaining unit would be a combined cafeteria and custodial-maintenance bargaining unit." (Footnote omitted.)

The facts supporting the rationale for a merged unit were few. They consisted of the finding that the director of labor relations sat at the third and fourth steps of the grievance procedure for both units, and that custodians came into contact with kitchen service employees.

We initially note that Const 1963, art 6, § 28 and MCL 423.23(e); MSA 17.454(25)(e) mandate that the findings of fact of an administrative agency should be upheld if supported by competent, material and substantial evidence. This Court should not substitute its judgment for that of the Commission when dealing with a factual question. *Regents of the University of Michigan v Employment Relations Commission,* 389 Mich 96; 204 NW2d 218 (1973).

In the instant case, however, the factual determination that a merged unit is the more appropriate seems primarily to come from Commission policy set forth in its prior decisions.

In *Livonia Public Schools,* 1967 MERC Lab Op 780, 794, the following is set forth:

"A unit of all non-instructional employees at a school system, except office clerical employees, is presumptively appropriate, since such a unit ordinarily shares a basic community of interest. This, of course, does not, *per se,* foreclose the possibility of smaller units being *also* appropriate, based on peculiar interest not shared

with other non-instructional employees. The unit, in short, need not be the 'ultimate unit'. * * * The test, rather, is that it must be shown that the smaller unit shares an internal community of interest which sets it apart from other employees·in terms of wages or working conditions. These distinguishing features must be basic and such as might naturally lead to conflicts with the self interest of other employee groups." (Citations omitted.)

We are mindful of the Supreme Court's statement in *Hotel Olds v State Labor Mediation Board,* 333 Mich 382, 387; 53 NW2d 302 (1952):

"We note the decision of the Massachusetts Labor Relations Commission, *In re Salem Hotel Corporation d/b/a the Hawthorne Hotel and the Hotel and Restaurant Workers, Local 290, AFL,* 19 LRRM 1245, decided November 20, 1946:
'In designating bargaining units as appropriate, a primary objective of the commission is to constitute the largest unit which, in the circumstances of the particular case is most compatible with the effectuation of the purposes of the law and to include in a single unit all common interests.'
"The quoted statement in the *Hawthorne Case* is, so far as applicable to the instant case, in keeping with the directions of the cited proviso of the statute."

The matter is further delineated in *Eastern Michigan Univeristy Regents v Eastern Michigan University Professors,* 46 Mich App 534; 208 NW2d 641 (1973), wherein this Court concluded that the members of an appropriate bargaining unit must have a common interest in the terms and conditions of employment.

In sum, we cannot find that the Commission has made adequate findings to support its conclusion

that a merged unit is the more appropriate for purposes of collective bargaining.[1]

The Commission itself seems to question the validity of its finding by concluding that the presumption will be tested by an election. The Commission is, in effect, holding that if the employees should vote for merger, then it shows that there was a community of interest. We cannot believe the statutory or decisional mandate leads in that direction.

Because there are no judicial guidelines extant in two remaining issues raised, we speak to them in the hope that guidance may be provided for this and future matters.

The school district questions the propriety of the Commission's order directing an election to determine whether the bargaining unit should be single or separate.

MCL 423.213; MSA 17.455(13), authorizes the Commission to decide the appropriate unit for purposes of collective bargaining. The act does not specify the method to be used. The term "election", as used in the public employment relations act (PERA), MCL 423.201 *et seq.;* MSA 17.454 *et seq.,* does seem to extend only to representation elections. Conversely, it could be said that there is no specific restriction on the right of the Commission to hold an advisory election.

The applicable provision of the National Labor Relations Act dealing with the power of the Board to decide the appropriate collective bargaining unit is similar in all respects to the Michigan statutory provision. 29 USCA 159b. In *National Labor Relations Board v Underwood Machinery*

---

[1] We respectfully draw the Commission's attention to the case of *Pacific Southwest Airlines v National Labor Relations Board,* 587 F2d 1032, 1038 (CA 9, 1978), for an excellent discussion of factors to be considered in determining whether a bargaining unit is appropriate.

*Co,* 179 F2d 118 (CA 1, 1949), the court dealt with a substantially similar factual situation interpreting § 159b.

The employees of a machinery company were distributed among three departments; a machine shop, plate shop, and erection and maintenance department.

The union petitioned for a bargaining unit composed of all production, maintenance and shipping employees. The company opposed the inclusion of erection and maintenance employees. After consideration, the National Labor Relations Board found that either an inclusive unit or separate units would be appropriate.

The Board ordered an election to be held among the employees of the two units in the same manner the Commission has proposed in the instant case. The employer appealed claiming the board improperly delegated to the employees themselves the determination of what should be the appropriate unit.

The *Underwood* court held that where the Board found either unit to be appropriate,

"The wishes of the employees are a factor in a Board's conclusion upon a unit; they are to be weighed with the similarity of working duties and conditions, the character of the various plants, and the anticipated effectiveness of the unit in maintaining industrial peace through collective bargaining. *Pittsburgh Plate Glass Co v National Labor Relations Board,* 313 US 146, 61 S Ct 908, 85 L Ed 1251. In this case, after considering all of the circumstances of the situation with reference to whether there should be one or two units elected as the appropriate collective bargaining agency, the Board came to the conclusion that the single factor that would tip the scales was the preference of the employees. The Board's determination, based upon the expression of the

employees' practically unanimous preference, cannot be said to be improper and invalid." 179 F2d 118 at 121.

The *Underwood* court was careful to point out that the NLRB first found that *either* merged or separate units would be appropriate *before* ordering an election. So too, we must conclude that § 13 of the PERA authorizes the Commission to make the finding of the appropriateness of the unit. It is only where the Commission finds that either unit would be appropriate that an election is warranted.

Finally, we reject the school district's contention that an election to determine the appropriate bargaining unit is prohibited under MCL 423.214; MSA 17.455(14). The statute provides, in part, that:

"An election shall not be directed in any bargaining unit or any subdivision within which, in the preceding 12 month period, a valid election was held."

The clear import of that provision relates to representation elections. It is irrelevant to the facts at issue here.

Reversed and remanded for proceedings consistent with this opinion.