LANSING SCHOOL DISTRICT v MICHIGAN EMPLOYMENT
RELATIONS COMMISSION

Docket No. 57965. Submitted April 13, 1982, at Lansing.—Decided
June 23, 1982.

Michigan Council 11, American Federation of State, County and
Municipal Employees, AFL-CIO (the union), represents two
separate units of employees of the Lansing School District (the
employer). One unit is custodial, maintenance, and supply
employees. The other is a unit of cafeteria employees. The
union filed a petition for an employee-preference election to
determine whether the two units wished to be represented in a
single merged unit. A hearing on the petition was held before
an administrative law judge for the Michigan Employment
Relations Commission (MERC). MERC, thereafter, issued a
decision ordering that the election be held in the two units.
MERC later reconsidered its decision and issued a decision
upon reconsideration again ordering that an election be held.
The employer appealed to the Court of Appeals. This Court
reversed and remanded, 94 Mich App 200 (1979), holding that
MERC had not made adequate findings to support its conclu-
sion that the merged unit was appropriate for purposes of
collective bargaining. MERC then designated an administrative
law judge to conduct supplementary proceedings and, thereaf-
ter, issued a supplementary decision and ordered that an
election be held. The employer again appeals alleging that
MERC violated the Administrative Procedures Act by relying
on a presumption, rather than findings of fact and conclusions
of law, to support its decision and that the supplementary
decision is not supported by competent, material, and substan-
tial evidence on the whole record. Held:

1. MERC's supplementary decision complies with this Court's
directions on remand.

2. MERC adequately stated its findings of fact in the supple-

REFERENCES FOR POINTS IN HEADNOTES
[1] 48A Am Jur 2d, Labor and Labor Relations § 1761.
[2, 5] 2 Am Jur 2d, Administrative Law §§ 675, 676.
[3] 2 Am Jur 2d, Administrative Law §§ 455-458, 646.
[4] 2 Am Jur 2d, Administrative Law § 463 et seq.

mentary decision. The decision is also supported by competent, material, and substantial evidence on the whole record.

3. The supplementary decision did attempt to deal with the differences between the units rather than jump to a presumption that the combined unit is appropriate. The decisions together present an effort to carefully consider a community of interest and to deal with the differences noted by the employer.

4. The fact that MERC clearly sought to be consistent with its prior decisions does not affect this Court's conclusions.

5. The Court of Appeals will substitute its judgment as to the appropriate unit for MERC's determination only upon a clear showing of error. The employer has not shown clear error.

Affirmed.

1. ADMINISTRATIVE LAW — LABOR RELATIONS — APPEAL — EMPLOY-MENT RELATIONS COMMISSION — DECISIONS — FINDINGS OF FACT — CONCLUSIONS OF LAW.

A final decision by the Michigan Employment Relations Commission shall include findings of fact and conclusions of law; the findings shall be accompanied by a concise and explicit statement of the underlying facts supporting them, if set forth in statutory language (MCL 24.285; MSA 3.560[185]).

2. ADMINISTRATIVE LAW — LABOR RELATIONS — APPEAL — QUESTIONS OF FACT — CONSTITUTIONAL LAW.

The findings of fact of an administrative agency are to be upheld if supported by competent, material, and substantial evidence; the Court of Appeals should not substitute its judgment for that of an administrative agency when dealing with a factual question (Const 1963, art 6, § 28; MCL 423.23[2][e]; MSA 17.454[25][2][e]).

3. ADMINISTRATIVE LAW — LABOR RELATIONS — APPEAL — EMPLOY-MENT RELATIONS COMMISSION.

The standard for the form of findings of fact and conclusions of law of decisions by the Employment Relations Commission is one of adequacy for appellate review and for guidance to the parties; the standard does not require an artful presentation or an exhausting itemization of the underlying factors.

4. ADMINISTRATIVE LAW — LABOR RELATIONS — APPEAL — EMPLOY-MENT RELATIONS COMMISSION.

The validity of a decision by the Michigan Employment Relations Commission is not affected by the fact that in making its decision the commission seeks to be consistent with its prior decisions.

5. ADMINISTRATIVE LAW — LABOR RELATIONS — APPEAL — COLLEC-
    TIVE-BARGAINING UNITS — EMPLOYMENT RELATIONS COMMIS-
    SION.

    The Court of Appeals hesitates to substitute a judicial judgment
    of the appropriate collective-bargaining unit for the Michigan
    Employment Relations Commission's determination and will do
    so reluctantly and only upon a clear showing of error.

*Miller, Johnson, Snell & Cummiskey* (by *Charles C. Hawk*), for the Lansing School District.

Before: DANHOF, C.J., and R. B. BURNS and WAHLS, JJ.

PER CURIAM. Michigan Council 11, American Federation of State, County and Municipal Employees, AFL-CIO, hereinafter the union, currently represents certain employees of the Lansing School District, hereinafter the employer, in two separate units. One is a unit of the employer's custodial, maintenance, and supply employees. The other is a unit of the employer's cafeteria employees. The union seeks an employee-preference election to determine whether these employees wish to be represented in a merged unit or whether they wish to continue representation in separate units.

A petition for the election was filed March 31, 1977. A hearing was held on June 23, 1977, before an administrative law judge for the Michigan Employment Relations Commission, hereinafter MERC. On April 10, 1978, MERC issued its first decision and ordered that an election be held in the two units. On May 17, 1978, MERC notified the parties of its intent to reconsider its first decision and requested briefs on the issue of the application of a contract bar to the case. On September 14, 1979, MERC issued its decision upon reconsideration and again ordered that an election be held. The employer filed an appeal as of right.

This Court held that MERC had not made adequate findings to support its conclusion that the merged unit was appropriate for purposes of collective bargaining, *Lansing School Dist v Michigan Employment Relations Comm,* 94 Mich App 200; 288 NW2d 399 (1979), *lv den* 409 Mich 906 (1980). Pursuant to this Court's reversal and remand, MERC designated an administrative law judge to conduct supplementary proceedings. The administrative law judge directed the parties to submit briefs if neither party wished to move for further proceedings. The parties were content to rest on the existing record. On May 6, 1981, MERC issued its supplementary decision and ordered that an election be held. The employer again appeals.

The employer argues that MERC violated the Administrative Procedures Act by relying on a presumption, rather than findings of fact and conclusions of law, to support its decision. The employer also argues that MERC's supplementary decision is not supported by competent, material, and substantial evidence on the whole record.

In *Lansing School Dist, supra,* this Court made a considerable effort to state the proper standard of review and the policies underlying its decision. The Court noted that a final decision shall include findings of fact and conclusions of law and that, if set forth in statutory language, the findings shall be accompanied by a concise and explicit statement of the underlying facts supporting them. See MCL 24.285; MSA 3.560(185).

The *Lansing School Dist* panel noted that Const 1963, art 6, § 28 and MCL 423.23(2)(e); MSA 17.454(25)(2)(e) mandate that the findings of fact of an administrative agency should be upheld if supported by competent, material, and substantial evidence and that this Court should not substitute

its judgment for that of the commission when dealing with a factual question. See *Regents of University of Michigan v Employment Relations Comm*, 389 Mich 96; 204 NW2d 218 (1973), and *Council 25, Local 893, American Federation of State, County and Municipal Employees, AFL-CIO v Macomb County Road Comm*, 101 Mich App 91; 300 NW2d 462 (1980).

The *Lansing School Dist* Court noted the policy statement in *Hotel Olds v State Labor Mediation Board*, 333 Mich 382, 387; 53 NW2d 302 (1952):

" 'In designating bargaining units as appropriate, a primary objective of the commission is to constitute the largest unit which, in the circumstances of the particular case is not compatible with the effectuation of the purposes of the law and to include in a single unit all common interests.' " Quoting *In re Salem Hotel Corp d/b/a Hawthorne Hotel and Hotel and Restaurant Workers, Local 290, AFL,* 19 LRRM 1245 (1946).

See also *Eastern Michigan University Regents v Eastern Michigan University Professors*, 46 Mich App 534; 208 NW2d 641 (1973), wherein the Court noted that the objective to be obtained is to constitute the largest possible unit consistent with a community of interest of the membership.

Upon remand of the present dispute, MERC noted that employees in both units were hourly rated. MERC noted a difference in pay ranges but suggested the difference merely reflected separate bargaining histories.

MERC noted a different distribution of unskilled, semi-skilled, and skilled positions but suggested the distinctions did not affect a unit determination where the two groups performed basically the same work; *i.e.,* the supportive work necessary to facilitate the education of students.

Further, MERC noted that the exhibits suggested that the custodial-maintenance unit included a very small number of skilled positions. MERC found the cafeteria unit paralleled this distribution of skills with a large majority of the unit performing basic manual skills and a small number performing the more skilled food preparation work. MERC noted a lack of interchange between the units but suggested that, although this may reflect differences in job content, it may be the result of the separate seniority patterns growing out of the separate bargaining histories.

MERC found the types of fringe benefits in the two units to be basically the same. It suggested that the differences arose from the separate bargaining histories and were essentially quantitative.

Another factor considered by MERC was the centralized administration of labor relations. MERC noted that all of the employer's collective-bargaining agreements were negotiated by the same representatives. MERC noted that the employer's personnel office had final authority in hiring and promoting, although the individual units generally dominated the interviewing process. MERC found that the central labor relations staff participated in the grievance procedure and conducted special conferences provided for in the collective-bargaining agreements. MERC noted that decisions on discharges and suspensions must be approved by the labor relations staff.

Finally, MERC noted the employer's argument that separate funding systems for the two units precluded a single unit. MERC, however, indicated that it has consistently held that sources of funding for different job classifications or departments are not a basis for making unit decisions.

In MERC's original decision, MERC basically

considered the same items discussed above. The difference between MERC's decisions prior to the remand and the supplementary decision which this Court now considers is that, in the supplementary decision, MERC attempted to deal with the differences rather than jump to a presumption that the combined unit is appropriate.

MERC's supplementary decision complies with this Court's direction in *Lansing School Dist.* The decisions together present an effort to carefully consider a community of interest and to deal with the differences noted by the employer. MERC adequately stated its findings of fact in the supplementary decision. The standard is one of adequacy for review by the Court and for guidance to the parties. The standard does not require an artful presentation or an exhausting itemization of the underlying factors.

The decision is also supported by competent, material, and substantial evidence on the whole record. Indeed, at times, the facts suggest more community of interest between the custodians and the cafeteria employees than between the custodians and the maintenance employees. The differences in wages, fringe benefits, and working conditions do not militate against a common unit. They are arguably merely the result of different bargaining histories. The differences should not hamper future collective bagaining; they are not so great that the parties cannot keep track of them. Indeed, the employer demonstrated this fact by its summarization of the differences in a chart covering one-half page of its appellate brief.

Our conclusion is not affected by the fact that MERC clearly sought to be consistent with its prior decisions; *e.g.,* MERC suggested that a hospital bears a strong resemblance to a school district.

MERC noted that the so-called "basic unit" has received judicial approval. See *Hospital Employees' Division of Local 79, Service Employees' International Union, AFL-CIO v Flint Osteopathic Hospital,* 390 Mich 635; 212 NW2d 897 (1973), approving MERC's determination that the appropriate unit included all nonprofessional and nontechnical employees.

This Court hesitates to substitute a judicial judgment of the appropriate unit for MERC's determination and does so reluctantly and only upon a clear showing of error. See *Hospital Employees, supra,* 638. The employer has not shown clear error.

Affirmed.