MICHIGAN COACHES ASSOCIATION, WARREN CONSOLIDATED
SCHOOL DISTRICT, LOCAL NO 1 v WARREN CONSOLIDATED
SCHOOLS BOARD OF EDUCATION

Docket No. 57199. Submitted April 21, 1982, at Lansing.—Decided
    August 26, 1982. Leave to appeal applied for.

Petitioner, the Michigan Coaches Association, Warren Consoli-
    dated School District, Local No. 1, filed a petition for an
    election with the Michigan Employment Relations Commission
    seeking to establish a bargaining unit among certain employees
    of the respondent, Warren Consolidated Schools Board of Edu-
    cation. The proposed unit would consist of 212 coaching posi-
    tions filled by 171 individuals, 106 of whom are teacher-coaches
    represented by intervenor, the Warren Education Association.
    MERC dismissed the petition, finding that petitioner sought an
    inappropriate unit of employees for collective bargaining. It
    stated that the teacher-coaches were properly included in the
    existing instructional bargaining unit represented by the in-
    tervenor and concluded that the nonteaching-coaches were not
    an appropriate unit by themselves, since they are a fragment
    or a residual of a larger unit of instructors. Petitioner appeals
    from MERC's decision and order to that effect. *Held:*

    1. The determination by the Michigan Employment Relations
    Commission is supported by competent, material, and substan-
    tial evidence. The determination is affirmed.

    2. In designating bargaining units as appropriate, a primary
    objective of the commission is to constitute the largest unit
    which, in the circumstances of the particular case, is most
    compatible with the effectuation of the purposes of the law and
    to include in a single unit all common interests. The policy of
    the commission has been to avoid the fractionalization or
    multiplicity of bargaining units. Petitioner's attempt to form a
    new bargaining unit contravenes this policy and objective.
    Affirmed.

REFERENCES FOR POINTS IN HEADNOTES
[1] 48A Am Jur 2d, Labor and Labor Relations § 1761.
[2] 48A Am Jur 2d, Labor and Labor Relations §§ 1766, 1767.
[3] 48 Am Jur 2d, Labor and Labor Relations § 660.

1. CONSTITUTIONAL LAW — ADMINISTRATIVE LAW — APPEAL — FIND-
   INGS OF FACT — EMPLOYMENT RELATIONS COMMISSION.
   Findings of fact made by the Michigan Employment Relations
   Commission are to be upheld if supported by competent, mate-
   rial, and substantial evidence (Const 1963, art 6, § 28; MCL
   423.23[2][e]; MSA 17.454[25][2][e]).

2. CONSTITUTIONAL LAW — ADMINISTRATIVE LAW — APPEAL — APPRO-
   PRIATE BARGAINING UNIT — EMPLOYMENT RELATIONS COMMIS-
   SION.
   A bargaining unit determination made by the Michigan Employ-
   ment Relations Commission should not be disturbed unless
   clearly unsupported by competent, material, and substantial
   evidence (Const 1963, art 6, § 28; MCL 423.23[2][e]; MSA
   17.454[25][2][e]).

3. LABOR RELATIONS — BARGAINING UNITS — EMPLOYMENT RELATIONS
   COMMISSION.
   Bargaining units of employees should be the largest unit which,
   in the circumstances of the particular case, is most compatible
   with the effectuation of the purposes of the law and should
   include all common interests in a single unit; the policy of the
   Michigan Employment Relations Commission has been to avoid
   the fractionalization or multiplicity of bargaining units.

*Cooper & Cohen,* for petitioner.

*Mosher & Vondale,* for respondent.

*Levin, Levin, Garvett & Dill* (by *Bradley T. Raymond),* for intervenor.

Before: M. J. KELLY, P.J., and D. E. HOLBROOK, JR., and G. R. COOK,* JJ.

PER CURIAM. This is an appeal from a decision and order of the Michigan Employment Relations Commission (MERC) dated March 27, 1981.

On March 26, 1980, a petition for election was filed by the Michigan Coaches Association, Warren Consolidated School District, Local No. 1 (peti-

---

* Circuit judge, sitting on the Court of Appeals by assignment.

tioner) with MERC, seeking to establish a bargaining unit among certain employees of the Warren Consolidated Schools Board of Education (respondent). The proposed bargaining unit would consist of 212 coaching positions filled by 171 individuals, 106 of whom are teacher-coaches represented by the Warren Education Association (intervenor). Respondent and intervenor opposed the petition. On November 6, 1980, a hearing was conducted before Hearing Referee Joseph B. Bixler. MERC dismissed the petition, finding that petitioner sought an inappropriate unit of employees for collective bargaining.

Petitioner's petition sought to establish a bargaining unit among employees of respondent in a unit described as:

"All personnel engaged in the supervision, direction of, and/or coaching of athletics conducted on an extracurricular basis within the school district identified above."

Of the 171 coaches, 106 are teachers included in the instructional bargaining unit represented by intervenor. That bargaining unit is defined in the collective-bargaining agreement as:

"All regularly employed certified teachers under contract; Special Education personnel; Counselors; Co-op Consultants; Nurses; and Consultants but excluding; Administrators, Supervisors, Clerical, day-to-day Substitute teachers, Teacher interns, and other non-instructional employees."

The remaining 65 coaches are not employed as full-time teachers in the Warren Consolidated School System. Thus, they are not members of the bargaining unit represented by intervenor.

The collective-bargaining agreement between respondent and intervenor contains wage provisions for the various coaches involved in extracurricular sports. The teacher-coaches' pay rate is based on a percentage of each individual teacher's base salary. As far as the record reveals, the nonteaching-coaches receive a set wage for the particular sport.

There are educational prerequisites to employment as a teacher in the Warren Consolidated School System. There are no such qualificational requirements for nonteacher-coaches. Teachers work from 7 a.m. to 2 p.m., five days a week. Coaches commence activity shortly after regular school hours and continue until the activities are completed. As nonmembers of the bargaining unit represented by intervenor, the nonteaching-coaches are not privy to the benefits available to teachers.

MERC determined that petitioner's proposed bargaining unit was inappropriate for collective bargaining. In doing so, it stated that the teacher-coaches were properly included in the existing instructional bargaining unit. Additionally, it concluded that the nonteaching-coaches were not an appropriate unit by themselves, since they are a fragment or a residual of a larger unit of instructors.

It should initially be noted that MERC's findings of fact should be upheld if supported by competent, material, and substantial evidence. Const 1963, art 6, § 28; MCL 423.23(2)(e); MSA 17.454(25)(2)(e); *Lansing School Dist v Michigan Employment Relations Comm,* 94 Mich App 200, 204; 288 NW2d 399 (1979). Thus, MERC's bargaining unit determination should not be disturbed unless clearly unsupported by competent, material, and substantial evidence. *Detroit Board of*

*Education v Local 28, Organization of School Administrators & Supervisors, AFL-CIO,* 106 Mich App 438, 448; 308 NW2d 247 (1981). Here, MERC determined that petitioner's proposed bargaining unit is inappropriate. As discussed more fully below, we find that MERC's determination is supported by competent, material, and substantial evidence and should be affirmed.

In *Hotel Olds v State Labor Mediation Board,* 333 Mich 382, 387; 53 NW2d 302 (1952), the Supreme Court stated:

"We note the decision of the Massachusetts Labor Relations Commission, *In re Salem Hotel Corp d/b/a Hawthorne Hotel and Hotel and Restaurant Workers, Local 290, AFL,* 19 LRRM 1245, decided November 20, 1946:

" 'In designating bargaining units as appropriate, a primary objective of the commission is to constitute the largest unit which, in the circumstances of the particular case is most compatible with the effectuation of the purposes of the law and to include in a single unit all common interests.'

"The quoted statement in the *Hawthorne Case* is, so far as applicable to the instant case, in keeping with the directions of the cited proviso of the statute."

Consistent with this statement from the Supreme Court, the policy of MERC has been to avoid the fractionalization or multiplicity of bargaining units. See *Utica Community Schools,* 1972 MERC Lab Op 804; *Flint Osteopathic Hospital,* 1971 MERC Lab Op 572; *Van Buren Public Schools,* 1973 MERC Lab Op 941; *53rd Dist Court (Livingston County),* 1978 MERC Lab Op 82.

In the present case, petitioner seeks to excise 106 teacher-coaches from the instructional bargaining unit to join 65 nonteacher-coaches in a new unit. The thrust of petitioner's argument is to

illustrate the lack of community of interest between nonteaching-coaches and teachers. Petitioner fails, however, to demonstrate an absence of community of interest between teachers and the 106 teacher-coaches. Indeed, the two groups are as one until the end of the regular school day when coaching duties commence. MERC has recognized that coaches should be included in instructional bargaining units. See generally, *Oakland Community College,* 1971 MERC Lab Op 522. When a coach is also a full-time high school teacher, it cannot seriously be argued that he does not share a community of interest with his fellow teachers. Petitioner's attempt to form a new bargaining unit, which will contain the 106 teacher-coaches, contravenes the rule enunciated in *Hotel Olds, supra,* and MERC's policy against fractionalization of existing bargaining units of one employer which share a community of interest. Thus, the proposed bargaining unit is inappropriate. Since MERC's determination in this regard is supported by competent, material, and substantial evidence, its decision should be affirmed.

Affirmed. No costs, a public question being involved.