LABOR COUNCIL, MICHIGAN FRATERNAL ORDER OF POLICE v
EMMETT TOWNSHIP

Docket No. 112931. Submitted December 7, 1989, at Lansing. Decided
March 5, 1990. Leave to appeal applied for.

The Labor Council of the Michigan Fraternal Order of Police, the
collective bargaining agent of certain employees of the Emmett
Township Public Safety Department who perform police and
fire fighting functions, filed with the Michigan Employment
Relations Commission a petition for clarification of its bargain-
ing unit as to inclusion of the position of public safety lieuten-
ant, a position subordinate only to the director of public safety.
Respondent Emmett Township contended that the position was
supervisory and should not be included in the bargaining unit
composed of rank and file employees. MERC ordered the inclu-
sion of the position in petitioner's bargaining unit. Respondent
appealed.

The Court of Appeals *held:*

Although employees with supervisory duties are generally
not included in the same bargaining unit as the rank and file,
an exception is made in the case of fire fighters under § 13 of
the public employment relations act, MCL 423.213; MSA
17.455(13), which provides in part, "[t]hat in any fire depart-
ment, or any department in whole or in part engaged in, or
having the responsibility of, fire fighting, no person subordinate
to a fire commission, fire commissioner, safety director, or other
similar administrative agency or administrator, shall be
deemed to be a supervisor."

Affirmed.

LABOR RELATIONS — MUNICIPAL PUBLIC SAFETY DEPARTMENTS —
COLLECTIVE BARGAINING UNITS — PUBLIC EMPLOYMENT RELA-
TIONS ACT.

In a municipal public safety department responsible for police
and fire protection, an officer with supervisory authority and

REFERENCES
Am Jur 2d, Labor and Labor Relations §§ 685, 1734.
Who are supervisors for purposes of bargaining-unit determination
in state public employment labor relations. 96 ALR3d 723.

subordinate only to the public safety director may properly be included in a collective bargaining unit comprised of the department's nonsupervisory employees (MCL 423.213; MSA 17.455[13]).

*John A. Lyons, P.C.* (by *John A. Lyons* and *David K. Sucher*), for petitioner.

*Michael R. Kluck & Associates* (by *Michael R. Kluck*), for respondent.

Before: BRENNAN, P.J., and MURPHY and CAV-ANAGH, JJ.

CAVANAGH, J. Respondent appeals as of right the order of the Michigan Employment Relations Commission requiring that the position of public safety lieutenant be included in the public safety collective bargaining unit. Respondent contends that the position should be excluded from the bargaining unit because it is a supervisory position. We disagree and affirm.

The Emmett Township Public Safety Department provides the police and fire protection for Emmett Township. In 1984, the position of public safety lieutenant, a position subordinate only to the director of public safety, was created. The public safety lieutenant was not considered to be a member of the collective bargaining unit and on March 23, 1988, petitioner filed a unit clarification petition with the Michigan Employment Relations Commission.

Respondent maintained that a public safety lieutenant was a supervisor and, as such, should be excluded from membership in the rank and file collective bargaining unit. MERC disagreed and on October 2, 1988, ordered that the public safety lieutenant be included in the bargaining unit. This order was based on the finding that § 13 of the

public employment relations act, MCL 423.213; MSA 17.455(13), required this determination.

The collective bargaining rights of public employees are set forth in the public employment relations act, MCL 423.201 *et seq.*; MSA 17.455(1) *et seq.* PERA states that MERC shall determine the composition of appropriate bargaining units, MCL 423.213; MSA 17.455(13), pursuant to the requirements of MCL 423.9e; MSA 17.454(10.4). Under MCL 423.9e; MSA 17.454(10.4), MERC is required to determine the bargaining unit which "will best secure to the employees their right of collective bargaining."

Although employees with supervisory duties are generally not included in the same bargaining unit as the rank and file, MCL 423.9e; MSA 17.454(10.4), an exception is made in the case of fire fighters. MCL 423.213; MSA 17.455(13) provides, in part, "[t]hat in any fire department, or any department in whole or part engaged in, or having the responsibility of, fire fighting, no person subordinate to a fire commission, fire commissioner, safety director, or other similar administrative agency or administrator, shall be deemed to be a supervisor."

The clear intent of the Legislature is to not exclude from a collective bargaining unit those employees who are subordinate to a director of a public safety department which is, at least in part, responsible for fire fighting, simply because those employees possess supervisory authority. This Court will only reverse a MERC determination of an appropriate bargaining unit "upon a clear showing of error." *Lansing School Dist v MERC,* 117 Mich App 486, 493; 324 NW2d 62 (1982). There is no such showing in this case.

Affirmed.